J-S59009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY TODD DEBLASE, | |
| Appellant | No. 1619 WDA 2014 |

Appeal from the PCRA Order September 3, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009921-2005

BEFORE:  BOWES, DONOHUE, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 16, 2015**

Jeffrey Todd DeBlase appeals from the order entered September 3, 2014, denying his post-conviction relief petition filed pursuant to 42 Pa.C.S. §§ 9541-9546 ("PCRA").  We affirm.

A jury found Appellant guilty of third-degree murder and conspiracy to commit murder after a joint trial with his co-defendant, Louis Mann, on February 5, 2007.  In 1996, when the crimes occurred, DeBlase and Mann were cellmates in the State Correctional Institute at Pittsburgh, also known as the Western Penitentiary.  Appellant and Mann murdered a fellow inmate, Timothy Boris, who died of asphyxiation due to strangulation.  Since Appellant was then incarcerated for another murder, his conviction triggered a mandatory sentence of life imprisonment.  **See** 42 Pa.C.S. § 9715.  The

_____

* Former Justice specially assigned to the Superior Court.

court sentenced Appellant on May 16, 2007, to life imprisonment for the third-degree murder charge and imposed a consecutive sentence of ten to twenty years incarceration for the conspiracy count.

Appellant unsuccessfully litigated post-sentence motions, filed a notice of appeal, and this Court affirmed his judgment of sentence. *Commonwealth v. DeBlase*, 996 A.2d 4 (Pa.Super. 2010). Our Supreme Court denied allowance of appeal. *Commonwealth v. DeBlase*, 13 A.3d 475 (Pa. 2010). Appellant timely filed a *pro se* PCRA petition on December 21, 2011. The court appointed counsel, who filed an amended petition on February 28, 2014. Thereafter, the court issued a Pa.R.Crim.P. 907 notice of intent to dismiss on July 1, 2014, and a final order on September 3, 2014. Appellant timely appealed. The PCRA court issued a Rule 1925(a) order setting forth that the reasons for its disposition could be found in its notice of dismissal.

Appellant filed a *pro se* document with this Court seeking to proceed *pro se*. This Court entered an order directing the PCRA court to conduct a *Grazier* hearing.[1] PCRA counsel also filed a motion to withdraw with the PCRA court. The court conducted a *Grazier* hearing on April 22, 2015, and ultimately declined to permit counsel to withdraw or to allow Appellant to

---

[1] This panel did not enter the order, which both PCRA counsel and the PCRA court questioned in light of the rule against hybrid representation. PCRA counsel also was not served a copy of the *pro se* filing.

proceed *pro se* because his request was that he be assigned different counsel rather than continue *pro se*. Counsel then filed a motion to withdraw with this Court, which was denied. Appellant also subsequently filed a *pro se* application for remand. That request was denied. The matter is now ready for our disposition. Appellant presents two issues for our review.

    I.    Whether trial counsel gave ineffective assistance for failing to object to inadmissible hearsay testimony?

    II.    Whether trial counsel gave ineffective assistance for failing to argue that the codefendant's statements were inadmissible pursuant to the Confrontation Clause of the Sixth Amendment as well as Article I, Section 9 of the Pennsylvania Constitution?

Appellant's brief at 4.

In reviewing a PCRA appeal, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). In performing this review, we consider the evidence of record and the factual findings of the PCRA court. **Id**. We afford "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." **Id.** Accordingly, so long as a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its decision. **Id**. Where the issue presents a question of law, "our standard of review is *de novo* and our scope of review is plenary." **Id.**

Both of Appellant's positions relate to the effectiveness of trial counsel. "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa.Super. 2013) (*en banc*). The failure to meet any of these aspects of the ineffectiveness test results in the claim failing. *Id*.

A claim has arguable merit where the factual predicate is accurate and "could establish cause for relief." *Id*. at 707. A determination as to whether the facts asserted present a claim of arguable merit is a legal one. *Id*. In considering whether counsel acted reasonably, we do not use a hindsight analysis; rather, an attorney's decision is considered reasonable if it effectuated his client's interests. *Id*. Only where "no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success[,]" will counsel's strategy be considered unreasonable. *Id*. Finally, actual prejudice exists if "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id*. It is presumed that counsel renders effective representation.

Appellant's initial ineffectiveness claim is that trial counsel rendered deficient representation by failing to object to alleged hearsay testimony from Arthur Dixon, an incarcerated individual, who testified for the

Commonwealth. Specifically, Dixon testified that he observed the victim arguing with Appellant and Mann. According to Dixon, he later spoke with the victim. After Dixon was asked what the victim stated, co-defendant's counsel objected, but Appellant's counsel did not.[2] A sidebar conversation ensued.

> Court: State of mind of the victim? What is he going to say?
>
> Prosecutor: The argument was about drugs, that Jeff gave to him some drugs, and Tim got scared and gave it to another guy. They had an argument because the guy died.
>
> Court: Your objection is?
>
> Codefendant's Attorney: Hearsay.
>
> Court: All right. Well, it doesn't involve your client.
>
> Codefendant's Attorney: Sort of it does.
>
> Court: Objection overruled.

N.T., 1/31/07, at 251.[3]

---

[2] Trial counsel certified below that he had no reasonable basis for not objecting. However, the record establishes that Appellant's counsel, during trial stated, "I would ask for the record, and so it is clear, if there be one objection from one attorney, that it is for both." N.T., 1/30/07, at 83-84. Hence, the issue is more properly counsel's failure to articulate a hearsay argument relative to his client rather than neglecting to object.

[3] The notes of testimony are contained in a single volume. Trial testimony began on January 30, 2007, and the verdict was returned on February 5, 2007.

Dixon then testified that the victim told him that he argued with Appellant because Appellant gave him drugs that the victim then provided to another inmate. *See id*. at 252. Dixon added that the inmate who used the drugs passed out on the floor and was discovered with the drugs. Appellant contends that the testimony that he gave the victim drugs was hearsay not falling within any hearsay exception.

The Commonwealth responds that the evidence was admissible to establish the victim's state of mind and was relevant to establish Appellant's motive. It adds that, even if the evidence in question was not admitted, Appellant cannot demonstrate prejudice based on the additional testimony levied against him that established his guilt. We agree that Appellant cannot establish prejudice.

Dixon also testified that he witnessed Appellant using a chokehold on the victim inside Appellant's cell while Mann was punching the victim. Thereafter, Appellant and Mann approached Dixon inside his cell and asked for help carrying the victim back to his cell. Dixon declined to help and suggested that Appellant and Mann ask two other inmates, Carlos Vasquez and Adam Colon, for assistance. Dixon then saw Appellant, Mann, Vasquez, and Colon carrying the body of the victim. He testified that the men dropped the victim at one point and the victim did not even grunt. Vasquez acknowledged hearing an argument in Appellant's cell and minutes later

observed Appellant and Mann carrying the victim to the victim's cell. According to Vasquez, the victim looked dead.

Richard Guy, the victim's cellmate, also testified that Appellant and Mann had approached him and told him that the victim had overdosed on heroin and that they had attempted to revive him. When Guy reentered his cell, he saw the victim, whom he believed to be asleep. Guy then used heroin himself and fell asleep. When he awoke the next morning, the victim was unresponsive, bloated, and purple. Guy called for a guard and was himself removed to solitary confinement. Later, Mann informed Guy that he had an argument with the victim and a struggle ensued before "things had gotten out of hand." N.T., 1/30/07, at 114. An autopsy revealed that the victim had abrasions and bruising on his face and back, as well as his neck. The victim's eyes had hemorrhaged and the forensic pathologist concluded that the victim had been strangled to death. Based on this evidence, there is not a reasonable probability that the outcome of the proceeding would have been different had counsel objected to Dixon's statement that the victim stated that Appellant gave him drugs on a previous occasion.

Next, Appellant avers that trial counsel was ineffective for neglecting to object to the admission of his co-defendant's statements to another inmate pursuant to *Bruton v. United States*, 391 U.S. 123 (1968). Appellant maintains that his federal and state confrontation clause rights were infringed. The Sixth Amendment provides that "[i]n all criminal

prosecutions, the accused shall enjoy the right . . . . to be confront with the witnesses against him[.]"   Similarly, Article I, § 9 of the Pennsylvania Constitution reads, "[i]n all criminal prosecutions the accused hath a right . . . . to be confronted with the witnesses against him[.]"   ***Bruton*** held that the use of one codefendant's confession against another codefendant deprived the non-confessing defendant of his Sixth Amendment right to confront the witnesses against him.   Therein, the trial court had instructed the jury that it could not use Bruton's codefendant's statement against Bruton.   The codefendant had specifically named Bruton as an individual who helped him commit the robbery crime at issue.

Appellant's specific objection is to the testimony of Richard Guy and Carlos Vasquez.   Guy testified regarding what Mann had stated to him about the victim as follows, "there had been a tussle between them and things had gotten out of hand[.]"   N.T., 1/30/07, at 114.   Additionally, Vasquez set forth that Mann, in discussing Guy's state of inebriation stated, "[Mr. Guy] doesn't remember anything about the incident, so let's try to pin it on him." N.T., 1/31/07, at 236.   According to Appellant, the references to "them" and "let's" violated ***Bruton*** because it implied that Mann was referring to Appellant.

The Commonwealth counters that the reference to another person was neutral and omitted specific reference to Appellant.[4]  It maintains that the Supreme Court in **Richardson v. Marsh**, 481 U.S. 200 (1987), declined to find a federal confrontation clause violation where the non-testifying codefendant's confession had been redacted to omit reference to codefendant Marsh.  Under **Richardson**, the neutral redaction, even if it could be inferred that the non-confessing codefendant was involved in the crime, did not violate Marsh's confrontation right.  According to the **Richardson** Court, the statement must be incriminating on its face and not via contextual implication.  **Id**. at 208-209.

Here, the references Appellant challenges are not facially incriminating of Appellant.  They do not use his name or refer directly to him.  Further, this matter does not involve the reading of a confession where there is a redaction in the statement via the removal of the defendant's name and it being replaced by a blank space, symbol, or word.  **See Gray v. Maryland**, 523 U.S. 185 (1998).  Only by other evidence introduced can it be inferred that Mann's statements incriminated Appellant.  **See Commonwealth v. Roney**, 79 A.3d 595, 627 (Pa. 2013) (no **Bruton** violation if codefendant's statement incriminates a fellow codefendant only after linkage with other

---

[4] We note that the reference to "them" also could have referred to Mann and the victim.

evidence introduced). Counsel was not ineffective for failing to object since no **Bruton** violation occurred.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2015